944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Peter SAVENELLI, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 90-16503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 11, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Peter Savenelli, a Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal of an action under 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Under section 1915(d), frivolous in forma pauperis complaints may be dismissed by the court sua sponte. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). Moreover, before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, however, no amendment would cure the deficiencies in Savenelli's complaint.
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Savenelli's complaint alleged that a letter from the Connecticut Department, addressed to James P. McFadden, Director Department Arizona Bureau of Offender Services, was negligently delivered to inmate Jonah McFadden. The letter pertained to Savenelli's Connecticut conviction and sentence which he is serving in Arizona as a transferee.
 
 
 6
 The district court's dismissal was proper because Savenelli's complaint lacks an arguable basis in law. See Neitzke, 490 U.S. at 325. Mere negligence or lack of due care by an official causing an unintended loss or injury to life, liberty, or property does not constitute a deprivation of a constitutional right, and is not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3